129 F.3d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul Steven GROOVER, Plaintiff-Appellant,
v.
SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; City of San Diego
Police Department; Drug Enforcement Administration; San
Diego County District Attorney Office; Vincent
Krowlikowski; Wesley R. Ashcraft; Charles Edward Gouge;
James Clem; Does 1 Through 10, Defendants-Appellees.
 No. 95-56864.
 United States Court of Appeals, Ninth Circuit.
 Submitted October 20, 1997**
Oct. 23, 1997.
 
 Appeal from the United States District Court for the Southern District of California Napoleon A. Jones, District Judge, Presiding
 Before: THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Paul Steven Groover appeals pro se the district court's grant of summary judgment for defendants on his 42 U.S.C. § 1983 action alleging malicious prosecution. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of Westlaw Only summary judgment, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.
 
 
 3
 Groover contends that the district court erred by (1) granting summary judgment for defendants on his claims of malicious prosecution, false arrest, false imprisonment, and defamation in violation of the Constitution, and (2) denying his motion for summary judgment.[1]
 
 
 4
 To establish a constitutional claim of malicious prosecution, Groover must present evidence that defendants prosecuted him with the purpose of denying him equal protection or another constitutional right and without probable cause. See Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir.1995); Bretz v. Kelman, 773 F.2d 1026, 1030-31 (9th Cir.1985). A conspiracy between prosecutors and police to use false testimony to cause another's imprisonment may support a claim of malicious prosecution. See Bretz, 773 F.2d at 1027, 1130; see also Johnson v. Barker, 799 F.2d 1396, 1400 (9th Cir.1986).[2]
 
 
 5
 Groover contends that defendants conspired to use false testimony and maliciously prosecute him for attempting to kill defendant Gouge with his automobile to justify the shooting of Groover by defendant Krolikowski. Groover submitted no evidence that defendants deprived him of equal protection. Krolikowski's and Gouge's affidavits state that Groover's car was heading for Gouge when Krolikowski fired at Groover. Groover submits no sufficient evidence to create a genuine issue of material fact that his car was not headed toward Gouge. Thus, in light of the circumstances, Krolikowski was justified in firing at Groover and defendants had probable cause to bring charges against Groover. Accordingly, the district court did not err in granting summary judgment for defendants. See Freeman, 68 F.3d at 1189.
 
 
 6
 Groover also failed to submit evidence to create a genuine issue regarding his claims of false arrest, false imprisonment and defamation. Accordingly, the district court did not err by granting summary judgment for defendants on these claims. See Barnett, 31 F.3d at 815.[3]
 
 
 7
 Finally, Groover did not establish the absence of a genuine issue of material fact when he moved for summary judgment. Accordingly, the district court did not err by denying summary judgment for Groover. See id.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R.36-3
 
 
 [1]
 Groover also contends that the district court erred by not addressing all of his causes of action. Upon our review of the record, we conclude that the district court did address all of Groover's causes of action, even if the district court did not specifically address every fact and argument made by Groover
 
 
 [2]
 Because we affirm the district court's grant of summary judgment based on the evidence submitted by the parties, we need not address the precise scope of the rule articulated by the Supreme Court in Albright v. Oliver, 510 U.S. 266 (1994)
 
 
 [3]
 Insofar as Groover appeals the district court's grant of summary judgment on his claim of cruel and unusual punishment, we conclude that Groover failed to submit evidence to create a genuine issue of fact as to this claim