129 F.3d 125
 Medicare & Medicaid Guide P 45,780
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 COUNTY OF ORANGE, a political subdivision of the State of
California, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health & Human Services,
Defendant-Appellee.
 
 1
 No. 96-56212.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Argued and Submitted Oct, 7, 1997.
Decided Oct. 23, 1997.
 
 3
 Appeal from the United States District Court for the Central District of California, No. Cv 94-5895 TJH; Terry J. Hatter, Jr., District Judge, Presiding.
 
 
 4
 Before: REINHARDT and TASHIMA, Circuit Judges, and SHADUR, District Judge.**
 
 
 5
 MEMORANDUM*
 
 
 6
 In 1988, the County of Orange (the County) requested that the Secretary of Health and Human Services (the Secretary) adjust the amount of Medicare reimbursement that the County had received for the fiscal year (FY) ending in 1976. The Secretary determined that the request was untimely and, therefore, not reviewable on the merits. The district court granted summary judgment to the Secretary. The County timely appealed. We review the district court's grant of summary judgement de novo. Mt. Diablo Hosp. v. Shalala, 3 F.3d 1226, 1230 (9th Cir.1993).
 
 
 7
 Prior to 1976, the County was a Medicare provider and received reimbursement from the federal government for certain expenses related to its participation in the Medicare program. In 1976, the County sold its hospital and was terminated from the Medicare program. It filed its final Medicare cost report for reimbursement in 1976. The County was also eligible to receive reimbursement for certain post-termination administrative costs related to its termination from the Medicare program, and was issued a Notice of Program Reimbursement (NPR) in 1978, for FY 1976, of the amount of reimbursement that it would receive. The County's post-termination costs ultimately were paid through October 1978.
 
 
 8
 The Medicare statute allowed the County 180 days from the day the NPR was issued to appeal that determination. 42 U.S.C. § 1395oo(a)(3). If no appeal is taken, the NPR is considered finalized and closed. See Provider Reimbursement Manual § 2930.1. The, Medicare regulations, however, permitted the NPR to be reopened in certain situations within three years. 42 C.F.R. § 405.1885(a), (c). The County neither appealed the NPR within 180 days nor requested a reopening of the NPR within three years.
 
 
 9
 In 1980, pursuant to 42 C.F.R. § 405.1885(a), the Secretary timely reopened the County's NPR for FY 1976 pending a determination regarding whether the County used an appropriate method to calculate the depreciation allowance claimed on its final cost report. The depreciation issue was finally resolved in 1987, in the County's favor, and the NPR was not revised. In 1988, the County requested an adjustment to its 1976 final cost report for a variety of post-termination administrative costs incurred between 1978 and 1988, including the attorneys' fees the County incurred due to the depreciation dispute.
 
 
 10
 NPR reopenings are issue specific, however, and only issues that are reopened and reconsidered may be reviewed on appeal. French Hosp. Med. Ctr. v. Shalala, 89 F.3d 1411, 1419 (9th Cir.1996). The Secretary found that the 1980 reopening was limited to reconsidering the amount of depreciation claimed and did not encompass any of the claimed, post-termination administrative costs. The Secretary also found that the County did not request a timely reopening of the NPR on the issue of post-termination administrative costs. These findings are supported by substantial evidence in the record as a whole. 5 U.S.C. § 706(2)(E); Vista Hill Found., Inc. v. Heckler, 767 F.2d 556, 559 (9th Cir.1985). Thus, the district court properly granted summary judgment to the Secretary.
 
 
 11
 AFFIRMED.
 
 
 
 **
 The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir. R. 36-3