129 F.3d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry D. HARRISON, Petitioner-Appellant,
v.
Janet BARBOUR, individually and in her official capacity as
Superintendent of Twin Rivers Correction Center,
Respondent-Appellee.
 No. 96-35675.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997.**
Filed Nov. 6, 1997.
 
 Appeal from the United States District Court for the Western District of Washington, No. CV-95-01477-CRD; Carolyn R. Dimmick, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jerry D. Harrison, a Washington state prisoner, was convicted of firs: degree rape, first degree robbery, and second degree robbery. He appeals pro se the district court's dismissal without prejudice of his 28 U.S.C. § 2254 habeas petition for failure to exhaust state remedies. Harrison also appeals the district court's dismissal of his motion to strike a portion of the state court record. We review de novo. See Campbell v. Kincheloe, 829 F.2d l453, 1457 (9th Cir.1987). We affirm.
 
 
 3
 * Harrison argues that Washington's sex offender registration laws would violate his right to due process, equal protection, and privacy, that the law constitutes cruel and unusual punishment; that the law violates the constitutional prohibition against ex post facto laws; and that the law constitutes a bill of attainder. Harrison does not dispute that he failed to exhaust these claims in state court. He argues instead that such exhaustion would be futile because the Washington Supreme Court recently rejected a challenge similar to his own. See State v. Ward, 123 Wash.2d 488 (1994). However, the U.S. Supreme Court has made clear that a petitioner "may not bypass the state courts simply because he thinks they will be unsympathetic to the claim." Engle v. Isaac, 456 U.S. 107, 130 (1982). Thus, " [e]ven a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid." Id. We therefore affirm the district court's dismissal of Harrison's habeas petition without prejudice
 
 B
 
 4
 Harrison's motion to strike is similarly without merit. He moves to strike the Washington State Court of Appeals' statement that "Mr. Harrison was charged with five counts of rape" as unsupported by the record. However, as the district court pointed out, Harrison fails to quote the entire passage, which reads: "Harrison was charged with five counts of rape, robbery, and kidnapping arising from three separate incidents." Because this accurately reflects the record, we affirm the district court's denial of Harrison's motion to strike.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3