129 F.3d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carlos Jose GURDIAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70586.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 22, 1997.**
Decided Nov. 6, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Azz-xap-cpz.
 Before HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner Carlos Gurdian is a Nicaraguan citizen who remained in the United States beyond the time allowed by his visa. The Immigration and Naturalization Service subsequently commenced deportation proceedings. Gurdian conceded deportability. The Immigration Judge ("IJ") denied Gurdian's application for asylum and withholding of deportation and his request for voluntary departure. Gurdian appealed these denials to the Board of Immigration Appeals ("BIA"). Although it did not address Gurdian's request for voluntary departure, the BIA otherwise affirmed the denial. Gurdian petitions us pro se for review. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We grant the petition in part and deny it in part.
 
 
 3
 * The BIA rejected Gurdian's application because it concluded that he failed to present sufficient evidence of past persecution or evidence that would establish a well-founded fear of future persecution.
 
 
 4
 Based on our review of the record, we conclude that the BIA's determination is supported by substantial evidence. Although Gurdian testified to incidents of past persecution, he produced no corroborating evidence. The record before us does not compel a conclusion to the contrary. See Elias-Zacarias, 502 U.S. at 481.
 
 II
 
 5
 Because Gurdian failed to satisfy the lower standard required to establish eligibility for asylum, his claim for withholding of deportation necessarily fails. Fisher v. INS, 79 F.3d 955, 961 (9th Cir.1996).
 
 III
 
 6
 Gurdian appealed the IJ's denial of his request for voluntary departure. The INS concedes that the BIA erred when it concluded that Gurdian failed to do so. As such, we remand for the BIA to consider Gurdian's request for voluntary departure.
 
 
 7
 PETITION GRANTED IN PART, DENIED IN PART.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. The government's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3