129 F.3d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harriston Lee BASS, Jr., M.D., Appellant,
v.
Misty Tryon WILLIAMS, Clint Tryon; Womens Health Care,
Inc., Appellees.
 No. 97-15237.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997.**
Decided Nov. 6, 1997.
 
 Appeal from the United States District Court for the District of Nevada; No. CV-96-00170-PMP; Philip M. Pro, District Judge, Presiding
 Before HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Harrison Lee Bass, Jr., M.D., appeals the district court's order affirming the bankruptcy's court's order approving a settlement between creditors Williams and Tryon and debtor Women's Health Care, Inc. ("WHC"). Bass was a codefendant with WHC in a state medical malpractice action brought by Williams and Tryon.
 
 
 3
 Appellees Williams and Tryon contend that this appeal has been rendered moot by Bass' failure to obtain a stay pending appeal, and because the settlement proceeds have been transferred to Williams and Tryon by the insurance carrier for WHC. Appellees further contend that they have distributed the proceeds to nondebtor third parties who are not parties to this appeal. An appeal may become moot when, in the absence of a stay, events occur that make it impossible for the appellate court to fashion effective relief. See In re Roberts Farms, Inc., 652 F.2d 793, 797 (9th Cir.1981). However, because Williams and Tryon are parties to this appeal, and were on notice that Bass had appealed the bankruptcy court's decision, effective relief can be fashioned by ordering Williams and Tryon to return the money to the estate. See In re Spirtos, 992 F.2d 1001, 1007 (9th Cir.1993). The fact that the debtors have already spent the proceeds of the settlement does not by itself preclude recovery of the money. Cf. Roberts Farms, Inc., 652 F.2d at 797 (appeal found moot where return of settlement funds would undo numerous intricate real estate transactions involving third parties). Accordingly, Bass' appeal is not moot.
 
 
 4
 Bass contends that the bankruptcy court erred by approving WHC's settlement with appellees before permitting him to enter evidence concerning the settlement, without making appropriate findings of fact and conclusions of law. These contentions lack merit for the reasons set out in the district court's order entered October 2, 1996.
 
 
 5
 Bass also contends that the bankruptcy court's approval erred by determining that the settlement did not violate Bass' due process rights under the Fifth and Fourteenth Amendments. This contention lacks merit for the reasons set out in the district court's opinion entered October 2, 1996.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Bass' request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3