129 F.3d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary V. JERNIGAN, Plaintiff-Appellant,
v.
Ray HARIKIAN, former Production Manager III, Old Folsom
State Prison Industry Complex; Ray Brown, Production
Manager II, Old Folsom State Prison, Prison Industry
Complex; Paul Spillers; Maintenance Supervisor, Old Folsom
State Prison, Prison Industry Complex; Larry Crauthers,
Maintenance Supervisor, Old Folsom State Prison, Prison
Industry Complex; Amon Jones, Maintenance Superintendent,
Prison Industry Complex, Defendants-Appellees.
 No. 97-15636.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997.*
Decided Nov. 6, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, No. CV-93-00541-DFL; David F. Levi, District Judge, Presiding
 Before HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary V. Jernigan, an African-American California state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1993) (per curiam), and we affirm.
 
 
 3
 "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). To preclude summary judgment on a claim of race discrimination under the Equal Protection Clause, the prisoner must present evidence of discriminatory intent. See Washington v. Davis, 426 U.S. 229, 239-40 (1976) (holding that claim of race discrimination under Fourteenth Amendment requires demonstration of discriminatory intent); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (holding that non-moving party at summary judgment must present evidence to demonstrate a genuine issue of material fact on elements essential to non-moving party's claim).
 
 
 4
 Because Jernigan failed to present sufficient evidence that prison officials treated him differently than similarly-situated white inmates when assigning, reviewing and increasing his wage rate, we conclude that the district court did not err by granting summary judgment. See Celotex, 477 U.S. at 322-23; Washington, 426 U.S. at 239-40.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-124, 110 Stat. 1321 (1996), to this appeal