129 F.3d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry HERNANDEZ, Plaintiff-Appellant,
v.
K.W. PRUNTY, Warden; Defendant-Appellee.
 No. 97-55421.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997.**
Decided Nov. 7, 1997.
 
 Appeal from the United States District Court for the Southern District of California, No. CV-95-01125-MLH; Marilyn L. Huff, District Judge, Presiding. AFFIRMED.
 Before: Chief Judge HUG, and PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Larry Hernandez, a California state prisoner, appeals pro se the district court's summary judgment in favor of the defendant in Hernandez's 42 U.S.C. § 1983 action contending that: (a) the defendant denied him due process by failing to reimburse him for lost art supplies; (b) the defendant denied him due process by requiring him to submit blood and saliva samples in accordance with a statute that did not apply to him; (c) he was denied due process in disciplinary proceedings. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. We review de novo a district court's grant of summary judgment. See Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994)
 
 A. Lost Property
 
 3
 Hernandez contends that the defendant's failure to reimburse him for lost art supplies denied him due process. This contention lacks merit.
 
 
 4
 "[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994)(per curiam). The California Tort Claims Act, Cal. Govt.Code § 810, provides an adequate post-deprivation remedy for the loss of property and an inmate may file a state action in tort once he has complied with the claim requirements of the State Board of Control. See Barnett, 31 F.3d at 816-17.
 
 
 5
 Here, Hernandez had an adequate post-deprivation remedy. See id. Accordingly, Hernandez has not provided any evidence that the remedy was inadequate, see Barnett, 31 F.3d at 816, and summary judgment on this claim was proper, see Jesinger, 24 F.3d at 1130.
 
 B. Blood and Saliva Samples
 
 6
 Next Hernandez contends that the defendant denied him due process by requiring him to submit blood and saliva samples in accordance with a statute that did not apply to him. This contention lacks merit.
 
 
 7
 "[A] state does not violate the Fourth Amendment by requiring convicted murderers and sexual offenders to submit a blood sample for DNA analysis to create an identification data bank." Rise v. Oregon, 59 F.3d 1556, 1564 (9th Cir.1995).
 
 
 8
 Here, Hernandez was required to give blood and saliva samples under California Penal Code § 290.2, because he was sentenced under California Penal Code § 190 for first degree murder. Where, as here, it is undisputed that Hernandez was convicted of first degree murder, the prison's several attempts to take blood and saliva samples did not violate his due process rights, see Rise, 59 F.3d at 1564, and summary judgment on this claim was proper, see Jesinger, 24 F.3d at 1130.
 
 C. Disciplinary Hearing
 
 9
 Finally, Hernandez contends that he was denied due process in disciplinary proceedings. This contention lacks merit.
 
 
 10
 There are five minimum procedures that a prisoner may expect at a disciplinary hearing: (1) advance written notice of claimed violation; (2) at least twenty-four hour notice before the hearing; (3) the qualified right to present evidence in their defense; (4) a written statement by the fact finders as to the evidence relied upon and the reasons disciplinary action was taken; and (5) adequate assistance if necessary to comprehend the case. See Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir.1994) (citing Wolff v. McDonnell, 418 U.S. 539, 564, 566, 570 (1974)).
 
 
 11
 Here, it is undisputed that Hernandez was punished five times for failing to give blood and saliva, and once for threatening a staff member. In all six of the disciplinary hearings Hernandez received notice of the hearing at least twenty-four hours before, had the opportunity to present evidence, and was provided a written statement by the fact finders for each violation. See Walker, 14 F.3d at 1420. Because Hernandez was disciplined for failure to comply with section 290.2, a statute applying to him, those disciplinary proceedings were proper. In the disciplinary proceeding for threatening a staff member, there was evidence to support the finding that Hernandez did threaten a staff member, so the disciplinary proceeding was proper. See Superintendant, Massachusetts Correctional Inst. v. Hill, 472 U.S. 445, 455-56 (1985) (due process is satisfied when the disciplinary committee's decision is supported by "some evidence"). Accordingly, the disciplinary proceedings did not violate Hernandez's due process rights, see Walker, 14 F.3d at 1420, and summary judgment on this claim was proper, see Jesinger, 24 F.3d at 1130.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3