129 F.3d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
OXFORD INVESTMENT COMPANY; John E. Judge, Plaintiffs-Appellants,
v.
James W. HATCH; Hatchco Inc.; Hatchco Inc. Employee
Pension, Defendants-Appellees.
 No. 97-15646.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997.**
Decided Nov. 7, 1997.
 
 Appeal from the United States District Court for the District of Nevada, No. CV-96-00972-PMP; Philip M. Pro, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John E. Judge, a former California attorney, appeals pro se the district court's order denying his Fed.R.Civ.P. 60(b) motion to reconsider the court's dismissal of Judge's complaint for failing to plead diversity jurisdiction.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 3
 We review for abuse of discretion. See Foster v. Skinner, 70 F.3d 1)84, 1087 (9th Cir.1995) (per curiam). We vacate the district court's order and remand for further proceedings, because we conclude that Judge was entitled to amend his complaint in order to cure the jurisdictional deficiency therein. See Doe v. United States, 58 F.3d 494, 496-97 (9th Cir.1995); see also Montrose Chem. Corp. v. American Motorists Ins. Co., 117 F.3d 1128, 1136 (9th Cir.1997) (reversing district court's imposition of Fed R. Civ. P. 11 sanctions on law firm that failed to allege diversity jurisdiction in its complaint).
 
 VACATED and REMANDED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Although the district court did not address whether Foxford Investment Company was properly represented below, we note that Judge may only represent himself in federal court because he is no longer a licensed attorney. See United States v. High Country Broad. Co., 3 F.3d 1244, 1245 (9th Cir.1993)
 
 
 [2]
 We deny defendants' motion requesting that we, in the first instance, declare Judge to be a vexatious litigant