129 F.3d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mario Arturo FRANCO-CHACON, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70285.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997.**
Decided Nov. 7, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mario Arturo Franco-Chacon, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an immigration judge's ("IJ") denial of his application for asylum and withholding of deportation under § 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and we deny the petition.[1]
 
 
 3
 We review a factual determination of eligibility for asylum under the substantial evidence standard. See Prasad v. INS, 47 F.3d 3:36, 338-39 (9th Cir.1995). We must uphold the BIA's denial of asylum unless Franco-Chacon demonstrates that the evidence he presented was so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).
 
 
 4
 Franco-Chacon contends that the BIA erred in finding that he did not establish eligibility for asylum. This contention lacks merit.
 
 
 5
 To be eligible for asylum, Franco-Chacon must establish that he had a well founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion, and that his fear of persecution was both genuine and objectively reasonable. See Prasad, 47 F.3d at 338.
 
 
 6
 Franco-Chacon testified that he feared persecution by the guerrillas because he had been in the military and, during the two years following his military service, had received four threatening notes and experienced one threatening incident when three armed men dressed in street clothes shouted at him while he was on his motorcycle. Franco-Chacon's service in the military by itself does not qualify him for asylum eligibility on account of one of the enumerated grounds. See Chanco v. INS, 82 F.3d 298, 303 (9th Cir.1996). Although reprisals against former members of the military may provide a basis for asylum, Franco-Chacon did not submit any evidence that either the notes or the incident were directed at him because he had been a soldier. See id. Also, Franco-Chacon's testimony as to the notes and the incident was insufficient to establish that his fear of persecution was objectively reasonable. See Prasad, 47 F.3d at 339-340. Accordingly, the BIA's determination that Franco-Chacon was not eligible for asylum was supported by substantial evidence. See Chanco, 82 F.3d at 303; Prasad, 47 F.3d at 340.
 
 
 7
 Because Franco-Chacon did not meet the lower standard for asylum, he could not meet the higher standard for withholding of deportation. See Chanco at 303.
 
 
 8
 PETITION DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 8 U.S.C. § 1105a was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because petitioner was in deportation proceedings before April 1, 1997, section 309(c) of IIRIRA provides that this court continues to have jurisdiction under 8 U.S.C. § 1105a