129 F.3d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert G. GREGORY, Jr., Petitioner-Appellant,
v.
Chase LIVELAND, Secretary of Department of Corrections,
State of Washington, Respondent-Appellee.
 No. 97-35072.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997.**
Decided Nov. 7, 1997.
 
 Appeal from the United States District Court for the Western District of Washington, No. CV-96-00843-R; Barbara J. Rothstein, Chief District Judge, Presiding.
 Before; HUG, Chief Judge, PREGERSON, and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Washington state prisoner Robert G. Gregory, Jr. appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction for first degree rape of a child. We have jurisdiction pursuant to 28 U.S.C. § 2253.[1] We review de nova a district court's denial of a 28 U.S.C. § 2254 petition, see Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996), and we affirm.
 
 A. Sufficiency of the Evidence
 
 3
 Gregory contends that the evidence introduced at trial was insufficient to support his conviction. Specifically, Gregory argues that the prosecution relied solely upon inherently implausible and uncorroborated prior inconsistent statements of the child victim, Kailey, who at trial denied that she was raped. This contention lacks merit.
 
 
 4
 In determining whether the evidence is sufficient to sustain a conviction, we must review that evidence in the light most favorable to the prosecution and determine whether any rational finder of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 320 (1979).
 
 
 5
 Here, the record shows that the evidence admitted at trial did not solely consist of hearsay statements by the victim.[2] The jury was presented with many witnesses, including Gregory and Kailey. Dr. Ihle testified that Kailey suffered a painful injury that could only have been caused by penetration of her vagina. Dr. Robinson testified that Kailey told her that Gregory "hurt her pee pee with a knife," and demonstrated the act by inserting a plastic knife into the vagina of an anatomically correct doll. Other witnesses testified that Kailey exhibited aggressive behavior and threw tantrums, and Gregory's mother testified that Kailey suffered from a rash and redness around her vagina around the time that the abuse would have occurred.
 
 
 6
 Furthermore, numerous witnesses testified that Kailey told them that Gregory touched her with "a knife in her pee-pee" and hurt her with a saw. Gregory was the person that Kailey consistently named as abusing her. Kailey herself testified that Gregory hurt her and touched her in places that she did not want to be touched. Although Kailey denied being touched by a knife or a saw, she stated that Gregory touched her with his finger. Viewing the evidence in the light most favorable to the prosecution, a reasonable jury could have found Gregory guilty beyond a reasonable doubt. See Jackson, 443 U.S. at 320.
 
 B. Polygraph Examination
 
 7
 Gregory contends that he was denied due process by the trial court's failure to admit exculpatory polygraph evidence at trial. The district court refused to review this claim on the ground that it was procedurally defaulted.
 
 
 8
 If a state court decision rests on a state law ground that is independent of the federal issue and adequate to support the judgment, federal habeas review is precluded. See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). If the state court's opinion clearly and expressly states that it is based on a state procedural rule and that rule is consistently applied, its decision rests on an adequate and independent state ground. See id. at 735-36. When a state law default prevents the state court from reaching the merits of a federal claim, a federal court must forego the exercise of its habeas corpus power unless the petitioner can show cause for failing to meet the state procedural requirement and actual prejudice. See Ylst v. Nunnemaker, 501 U.S. 797, 806 (1991).
 
 
 9
 Under Washington case law, an issue of constitutional magnitude may not be raised for the first time on appeal when it was not considered below because of an express and affirmative waiver See State v. Valladares, 99 Wash.2d 663, 672 (1983).
 
 
 10
 Here, Gregory's counsel attempted to introduce exculpatory polygraph evidence at a pretrial hearing regarding the admissibility of Kailey's hearsay testimony. The trial court ruled the evidence irrelevant to that issue, but agreed that counsel could attempt to offer the evidence at trial. Counsel never offered the evidence at trial and the trial court never ruled on its admissibility. On appeal, the Washington Court of Appeals declined to address Gregory's argument that the trial court refused to admit the polygraph evidence at trial, finding that Gregory conceded the inadmissibility of the polygraph evidence and failed to preserve for review the issue of his right to offer this evidence at trial. The Washington Supreme Court affirmed the court of appeals ruling on all issues without comment.
 
 
 11
 Given the procedural disposition of this ground in the Washington state courts, this issue is unexhausted and procedurally barred. Gregory has failed to present to this court reasons why the bar should not apply, nor has he shown cause or prejudice for his failure to offer the polygraph evidence at trial. See Ylst, 501 U.S. at 806. Because the state court's refusal to review Gregory's claim rests on an independent and adequate state ground, we shall not review Gregory's claim in this federal habeas proceeding. See id.; Coleman, 501 U.S. at 729-30.[3]
 
 
 12
 Accordingly, the district court's judgment is
 
 
 13
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court issued a certificate of probable cause instead of a certificate of appealability. See 28 U.S.C. 2254(c)(3). Because we affirm the denial of Gregory's petition under the former version of 28 U.S.C. § 2254, we need not address this issue
 
 
 [2]
 To the extent the state appellate court mischaracterized the evidence as the victim's testimony, it has no effect on our decision because we independently review the record de novo
 
 
 [3]
 Accordingly, we need not address the State's argument that this issue is foreclosed by Teague v. Lane, 489 U.S. 288 (1989)