129 F.3d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Antoine FLOYDE, Plaintiff-Appellant,
v.
STATE of Arizona; Arizona Department of Corrections; Grant
Woods, Attorney General; Terry L. Stewart, Director,
Department of Corrections; Thomas Lutz, Dr., Medical
Director, Arizona Department of Corrections; Percy Howard,
Medical Administrator; Meg Savage, Warden, Arizona
Department of Corrections; Angelo Daniels, Assistant
Warden, Arizona State Prison Complex-Florence; James
McCullough, Dr. Kenneth Bistricky, Dr.; Nourlan, Dr.;
Whitis, named as Officer # 6618, Defendants-Appellees.
 
 No. 97-15693.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997.**
Decided Nov. 7, 1997.
 Appeal from the United States District Court for the District of Arizona, No. CV-97-00047-WPC; William P. Copple, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON, and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Antoine Floyde, an Arizona state prisoner, appeals pro se the district court's dismissal of his civil rights action for failure to comply with a court order pursuant to Fed.R.Civ.P. 41(b). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the district court's dismissal under Rule 41(b), see Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.1992), and we reverse and remand.
 
 
 3
 Although district courts have inherent power to manage their dockets and may, under appropriate circumstances, dismiss cases for failure to obey court orders, "dismissal is a harsh penalty and ... should only be imposed in extreme circumstances." Id.
 
 
 4
 In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.
 
 
 5
 Id. at 1260-61 (internal quotations and citations omitted). Where the district court fails to consider these factors explicitly, we conduct an independent review of the record to determine whether the district court abused its discretion. See id. at 1261.
 
 
 6
 Here, Floyde filed his complaint and submitted a request to proceed in forma pauperis on January 10, 1997. On January 29, 1997, the district court explained the requirements of the Prison Litigation Reform Act, see 28 U.S.C. § 1915, concerning application requirements for in forma pauperis status by prisoners. In that order, the district court gave Floyde thirty days to submit his application materials and warned Floyde that failure to submit these documents in a timely fashion could result in dismissal of his action.
 
 
 7
 On March 20, 1997, Floyde's completed application for in forma pauperis status was filed with the district court. Upon review of the documents Floyde submitted, it appears that Floyde completed his portion of application on January 30, 1997 and then gave it to prison officials so that they could generate the certified trust-account statement needed for the application. Prison officials did not complete it until March 10, 1997, after the date the application was due.
 
 
 8
 On March 18, 1997, the district court signed an order dismissing Floyde's complaint for failure to obey a court order; this order was filed March 24, 1997. The district court filed an additional order on March 24, 1997, noting that Floyde had submitted a completed application for in forma pauperis status, but ordering the application be stricken because the complaint had already been dismissed.
 
 
 9
 Although the public's interest in expeditious resolution of litigation and the district court's need to manage its docket generally support a district court's decision to dismiss, see id. at 1261, Floyde's action was pending for only two months and the district court had not been required to expend much time on the action.
 
 
 10
 It is also difficult to see how defendants are prejudiced by Floyde's delay in submitting the certified trust account statement especially given prison officials' apparent responsibility for the delay.
 
 
 11
 Although the district court did warn Floyde that his action could be dismissed for failure to file the completed application in a timely fashion, see id. at 1262 (concluding that a warning of dismissal is sufficient to show that the district court considered less drastic alternatives), it is unclear whether the district court considered whether dismissal was too drastic a sanction given Floyde's explanation for why his completed application had been delayed.
 
 
 12
 The public's interest in having litigation decided on the merits weighs against the district court's decision to dismiss Floyde's action.
 
 
 13
 Accordingly, in light of the factors to be considered before dismissing under Rule 41(b), the district court's receipt of the completed application with materials explaining why it was late, and prison officials' responsibility for and control over the submission of the completed application, see Houston v. Lack, 487 U.S. 266, 271 (1988), we conclude that the district court should reinstate Floyde's action.
 
 
 14
 REVERSED and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3