129 F.3d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Walfre Simeon JIMENEZ-VARGAS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION, SERVICE, Respondent.
 No. 96-70709.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 5, 1997*
Nov. 10, 1997.
 
 Petition to Review a Decision of the Immigration and Naturalization Service; I & NS No. Abv-cdb-rle, San Francisco, California.
 Before WOOD,** RYMER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Walfre Simeon Jimenez-Vargas petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an Immigration Judge's order denying his requests for asylum (8 U.S.C. § 1158) and withholding of deportation (8 U.S.C. § 1253(h)). We have jurisdiction under 8 U.S.C. § 1105a(a), and we deny the petition for review. Westlaw Only
 
 
 3
 Jimenez argues that he is entitled to asylum because he established past persecution and a well-founded fear of future persecution by Guatemalan guerrillas based on his former service in the military. We disagree.
 
 
 4
 * The Attorney General has discretion to grant asylum to an applicant who is unwilling to return to his native country because of past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). We review for legal error the determination of the BIA that Jimenez was not eligible for asylum, but "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude the contrary." 8 U.S.C. § 1252(b)(4)(B)(1996). We will reverse only if the evidence "presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).
 
 B
 
 5
 Jimenez argues that the Immigration Judge erred in a number of respects; however, when, as here, the BIA has independently reviewed the record, our review is of the Board's decision. See, e.g., Rodriguez-Rivera v. INS, 848 F.2d 998 (9th Cir.1988). We shall therefore treat the issues that he raises in light of what the Board decided. The BIA found that Jimenez's evidence of persecution was mainly speculative, and that he failed to demonstrate that he was still a target of the guerrillas; that the guerrillas had carried out any of their threats; or that even if the guerrillas were looking for him, they were doing so on account of one of the enumerated grounds in the Act.
 
 
 6
 While the record shows that Jimenez claims to have experienced some difficulties with both the military and the guerrillas, his petition presses only the point that he was persecuted by the guerrillas who imputed to him opposition to the communists because he was conscripted to serve in the military.
 
 
 7
 "[A]n applicant can establish his political opinion on the basis of his own affirmative political views, his political neutrality, or a political opinion imputed to him by his persecutors." Sangha v. INS, 103 F.3d 1482, 1488 (9th Cir.1997). Jimenez had no political beliefs himself, but contends that he was seen as an enemy of the guerrillas on account of serving in the military.
 
 
 8
 As the Board found, Jimenez's evidence was inconsistent and speculative. At best it shows that he served in the military from 1988-1991, that two friends were killed after their discharge, that the whereabouts of two of his brothers is unknown, that a cousin was shot in 1981 after leaving the army, that in 1991 guerrillas passed out folders with names of soldiers on it (which Jimenez on the one hand said included his, but on the other indicated that it included only the names of commandants whereas he was a private), and that his father recently advised him to stay away because guerrillas continued to look for him. While past persecution of family members is evidence of possible imputed political opinion, Jimenez's belief that his brothers were murdered by the guerrillas is not compelling because it is unsubstantiated and contradictory. The most serious evidence--that Jimenez's name may have appeared on the guerrilla leaflet saying that all soldiers and former soldiers were going to die--was properly discounted as he had failed to mention this in two separate, otherwise detailed, asylum applications. See, e.g., Rodriguez-Rivera, 848 F.2d at 1006. Jimenez testified that the guerrillas could have recognized him as a recently discharged military person in 1991 because of his short haircut and heavier weight, but there is no evidence that they still would (or could), or that the guerrillas carried out their 1991 threats with respect to any soldiers or former soldiers.
 
 
 9
 We cannot say that this evidence compels a finding that the guerrillas actually imputed a political opinion to Jimenez, Sangha, 103 F.3d at 1489, or that he has a well-found fear of persecution for this reason.
 
 C
 
 10
 Jimenez also contends that he was persecuted, and fears persecution, as a member of a distinct class composed of former Guatemalan soldiers. We have already rejected such a claim, Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir.1991), and nothing in the record here compels a different conclusion.
 
 II
 
 11
 As Jimenez has failed to satisfy the burden of proof required for asylum, he has necessarily failed to satisfy the higher burden of proof required for withholding of deportation. See, e.g., Cuadras v. INS, 910 F.2d 567, 572 (9th Cir.1990) (stating that an alien's burden of proof for withholding of deportation is "much greater" than for eligibility for asylum).
 
 
 12
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 Honorable Harlington Wood, Jr., Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3