129 F.3d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Theresa Fadekemi DANIYAN, aka Tytler; Xaviera Makinde, aka
Xaviera Ibitola Makinde, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70879.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 4, 1997**
Decided November 12, 1997.
 
 1
 Before CHOY, ALARCON, and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Theresa Daniyan ("Daniyan"), and her daughter Xaviera Makinde ("Makinde") (hereinafter collectively "Petitioners"), petition for review of the dismissal of their appeal by the Board of Immigration Appeals ("BIA") from the denial of their application for suspension of deportation under 8 U.S.C. § 1254(a)(1). We deny Petitioners' petition for review because we conclude that the immigration judge did not abuse his discretion in finding that Petitioners failed to demonstrate that they and Daniyan's United States citizen children would suffer extreme hardship as a result of the deportation order.
 
 I.
 
 4
 Petitioners entered the United States on May 3, 1987 as temporary visitors on a six-month tourist visa. They have been in continuous residence in the United States since that time. Since arriving in the United States, Daniyan and John Tytler, her former husband, have had three children. These children are citizens of the United States. Tytler is a lawful permanent resident of the United States.
 
 
 5
 Daniyan has been receiving public assistance since 1991. She has been unemployed since 1989 when she worked for one month. She receives a monthly allotment of $370.00 in food stamps and $418.00 in Aid to Families with Dependent Children. Daniyan also receives $300 per month from Tytler.
 
 
 6
 At their deportation hearing, Petitioners conceded deportability, but applied for suspension of deportation under 8 U.S.C. § 1254(a)(1). Section 1254(a)(1) provides that the Attorney General may suspend deportation if the applicant can demonstrate: (1) continuous physical presence in the United States for at least seven years; (2) good moral character; and (3) that deportation would result in extreme hardship to himself or herself, or to a spouse, parent, or child who is a United States citizen or has been lawfully admitted for permanent residence. 8 U.S.C. § 1254(a)(1).
 
 
 7
 Daniyan testified that she will suffer extreme hardship if deported to Nigeria because of the difficulty in finding employment due to discrimination against women and the unstable political climate. She also testified that her children will suffer extreme hardship if deported to Nigeria because of the change in nutrition and the problem adjusting to a different culture, dialect, and sub-standard educational system. In addition, Daniyan testified that each of her three younger children have asthma. She stated they will suffer extreme hardship because the pollution and climate in Nigeria will aggravate their asthma condition and that adequate medical treatment is not available in that country.
 
 
 8
 The immigration judge ["IJ"] found that Petitioners had been in continuous residence for more than 7 years and were of good moral character. The IJ also found, however, that Petitioners had failed to demonstrate that deportation would result in extreme hardship to themselves or Daniyan's United States citizen children. The IJ found that Daniyan's university degree and her admission that women worked as teachers in Nigeria indicated that she could find employment without much difficulty. The IJ found that Makinde and the three younger children would not suffer extreme hardship because they were young and they had extended family in Nigeria who could help them readjust. The IJ also found that Dariyan had exaggerated her children's respiratory problems because their pediatrician's report only indicated that they had received routine care. From this evidence, the IJ concluded that no showing had been made that they required special medical treatment unavailable in Nigeria. The IJ thus denied Petitioners' application for suspension of deportation. The BIA affirmed the denial of their application "for this reasons stated" by the IJ. Petitioners timely filed a petition for review.
 
 II.
 
 9
 Petitioners contend that the IJ abused his discretion by failing to consider the cumulative impact of the hardships they and the children born in the United States will suffer in Nigeria. We disagree.
 
 
 10
 We are required to construe the term "extreme hardship" narrowly because suspension of the deportation is an exceptional remedy. INS v. Jong Ha Wang, 45 U.S. 139, 145 (1981); Ramirez-Durazo, 794 F.2d at 498. We review an IJ's refusal to suspend deportation for abuse of discretion. Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995) ("[w]hen the BIA clearly incorporates the IJ's opinion ... we treat the IJ's statement of reasons as the BIA's and review the IJ's decision for abuse of discretion"). We will uphold an IJ's decision so long as he or she "considers all factors relevant to the hardship determination and states [the] reasons for denying the requested relief." Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986). in addition, the BIA "must consider all the relevant factors cumulatively in deciding whether extreme hardship has been established." Watkins v. INS, 63 F.3d 844, 850 (9th Cir.1995) (emphasis in original) (quotations omitted).
 
 
 11
 To establish extreme hardship, an alien must demonstrate that the hardship would be different and more severe than that suffered by the ordinary person who is deported. Perez v. INS, 96 F.3d 390, 392 (9th Cir.1996). Economic disadvantage does not constitute extreme hardship. Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986). The fact that an alien's children will encounter reduced educational opportunities is insufficient to demonstrate extreme hardship. Id. at 499.
 
 
 12
 Factors relevant to the issue of extreme hardship include the petitioner's age, length of residence in the United States, their family ties in the United States and abroad, their health, the economic and political conditions in the country to which they may be returned, their financial status, business or occupation, the possibility of other means of adjustment of status or immigration history, and their position in the community. Gutierrez-Centeno v. INS, 99 F.3d 1529, 1533 n. 8 (9th Cir.1996).
 
 
 13
 The record shows that the IJ considered each of the relevant factors individually and cumulatively. The IJ correctly determined that the possible difficulty Daniyan would encounter in finding employment in Nigeria and the reduction in her standard of living are economic disadvantages that do not demonstrate extreme hardship. Ramirez-Durazo v. INS, 794 F.2d at 498. The record shows that the fact that women face discrimination in finding employment in Nigeria would not affect Daniyan because women with her educational background can obtain employment as teachers in Nigeria. The IJ found that Daniyan's parents, two brothers, and one sister, will be able to assist petitioners and the United States citizen children in coping with conditions in that country. In addition, the IJ found that Makinde's natural father is Nigerian, and lives in Nigeria, and therefore would be able to provide support while she adapted to the Nigerian society.
 
 
 14
 The IJ also considered the ages of Daniyan's children and determined that they would not suffer extreme hardship because they were "young and adaptable." The record shows that the IJ considered the evidence that the children would attend substandard schools in Nigeria. The IJ determined that the fact that Nigeria is an English speaking country will ease their transition into the Nigerian school system and culture. In weighing the educational opportunities for the children, the IJ also properly considered the fact that Daniyan had received a university education in Nigeria and considered herself well educated.
 
 
 15
 The IJ found that Daniyan's assertion that her United States citizen children suffered from asthma "should have been set forth in the letter received from the attending physician." The IJ found "[t]he fact that he does not mention any medical ailment ... leads the Court to have great reservations as to whether they actually suffer from asthma and if they do, if it is a very serious form of asthma." The fact that the children were only receiving routine medical care from their pediatrician does not support an inference that they require special medical treatment unavailable in Nigeria.
 
 
 16
 Because the IJ carefully weighed all the relevant factors, individually and cumulatively, and explained his reasons for finding that the petitioners had failed to demonstrate extreme hardship, we conclude that the denial of suspension of deportation was not an abuse of discretion.
 
 
 17
 The petition for review is DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3