129 F.3d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ita GARCIA; Sandra Garcia; Brandy Garcia; Max L. Garcia,
III; Alex Garcia, minors by and through their
guardian ad litem, Rita Garcia,
Plaintiffs-Appellants,
v.
CITY OF FULLERTON; Philip Goehring; Patrick E. McKinley;
Joseph M. Klein; Tilo D. Voitel, in both their personal and
official capacities; Safariland, Ltd., a/k/a Safariland,
Inc., Defendants-Appellees.
 No. 96-56056.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1997.**
Decided Nov. 12, 1997.
 
 Appeal from the United States District Court for the Central District of California. James M. Ideman, District Judge, Presiding.
 Before: GIBSON***, KOZINSKI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court's conclusion that Safariland was not a state actor subject to liability under 42 U.S.C. § 1983 is correct. Safariland is only a purveyor of police equipment; this is not a function which can fairly be attributed to the state. See West v. Atkins, 487 U.S. 42, 49 (1988). Because allegations of other facts consistent with the challenged pleading could not make Safariland a state actor, the district court properly dismissed the section 1983 claims with prejudice. See Schreiber Dist. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir.1986).
 
 
 3
 Once the federal claims were dismissed, the state claims had to be dismissed as well. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial ... the state claims should be dismissed as well.") However, the district court erred in dismissing the state wrongful death claims with prejudice. A claim for wrongful death must set forth facts showing that a person's death was caused by the wrongful act or negligence of the defendant. See Cal. Civil Code § 377.60. In their complaint, plaintiffs have not described Safariland's conduct at all, much less how it may have caused Garcia's death. However, it is conceivable that plaintiffs could amend their complaint to state a claim. The district court therefore should have dismissed the state claims without prejudice, leaving plaintiffs free to seek relief in state court. See Gibbs, 383 U.S. at 726-27.
 
 
 4
 AFFIRMED in part and REVERSED in part.
 
 
 5
 No costs.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 * The Honorable Floyd R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3