129 F.3d 125
 80 A.F.T.R.2d 97-8007
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William D. COLBURN, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 96-70227.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1997.**
Decided Nov. 12, 1997.
 
 Appeal from the United States Tax Court, No. 12817-93; Irene F. Scott, Judge, Presiding.
 Before: GIBSON,*** KOZINSKI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The IRS reduced Colburn's 1989 refund to account for penalties arising from his 1966 tax return. Colburn argues that the IRS could not make a setoff because the statute of limitations for collection had run. Lewis v. Reynolds, 284 U.S. 281, 283 (1932), however, held that the IRS's power to make a setoff is not restricted by the statute of limitations for collection of tax. "While new assessment can be made, after the bar of the statute has fallen, the taxpayer, nevertheless, is not entitled to a refund unless he has overpaid his tax." Id. Because the statute of limitations does not apply to the setoff, we AFFIRM.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 * The Honorable Floyd R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3