**V–1 OIL COMPANY, an Idaho corporation, Plaintiff–Appellee,**

v.

**Steven A. SMITH, a Federal Railroad Administration Inspector, in his individual capacity, Defendant–Appellant.**

No. 95–36162.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 1997.

Decided May 29, 1997.

Matthew M. Collette, United States Department of Justice, Peter J. Plocki, U.S. Department of Transportation, and Jonathan L. Kaplan, Federal Railroad Administration, Washington, D.C., for defendant-appellant.

Peter Stirba and Linette B. Hutton, Stirba & Hathaway, Salt Lake City, Utah, for plaintiff-appellee.

Before: LAY,* BEEZER and TROTT, Circuit Judges.

## OPINION

BEEZER, Circuit Judge:

Steven Smith, a Federal Railroad Administration inspector, brings this interlocutory appeal of the district court's denial of summary judgment. V–1 Oil Company ("V–1") brought a *Bivens* action against Smith. V–1 sought monetary damages for Fourth and Fifth Amendment violations arising out of the seizure of a leased railroad tank car. Smith moved for summary judgment, claiming qualified immunity. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

### I

V–1 is a liquefied propane gas ("LP gas") distributor operating in six western states.[1] V–1 receives shipments of LP gas from Mobil Oil Canada ("Mobil") by railroad tank car at a number of its facilities. V–1 leases a tank car from General American Transportation Corporation to facilitate rail transportation of LP gas from Mobil.

In June 1994 V–1 received and unloaded an LP gas shipment at its Caldwell, Idaho facility. V–1 then dispatched the tank car to Lochearn, Alberta for another shipment. On its way to Canada the tank car travelled to Union Pacific's Eastport, Idaho rail yard.

Smith and an Idaho Public Utilities Commission inspector visited the Eastport rail yard on the morning of June 22, 1994. They determined that the tank car leased by V–1 did not comply with federal hazardous material regulations. They found two violations. The first was quickly remediable. The second, an illegible hazardous material marking, presented greater problems.[2] Smith in-

---

* The Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

1. Department of Transportation ("DOT") regulations classify LP gas as a hazardous material. 49 C.F.R. § 172.101.

2. Hazardous materials regulations promulgated by the DOT prohibit persons from "offer[ing] for transportation or transport[ing] a hazardous material" in an improperly or insufficiently marked tank car. 49 C.F.R. § 172.330(a); *see also* 49 C.F.R. § 174.59.

formed V–1 that its tank car did not comply with regulations and that it needed a new marking.

The parties dispute what happened next. V–1 alleges that Smith ordered a Union Pacific clerk to hold the tank car until a new marking was applied.[3] Smith, on the other hand, asserts that Randy Svetich, a Union Pacific inspector, ordered the tank car held. Both sides submitted affidavits supporting their version of these facts.

Svetich located the necessary stencil and marked V–1's tank car on July 15, 1994. The tank car was detained in the Eastport rail yard for 25 days.

V–1 brought a *Bivens* action against Smith. The magistrate judge granted Smith summary judgment on V–1's Fifth Amendment claim, but denied summary judgment on the Fourth Amendment claim.

The district court adopted the magistrate judge's Report and Recommendation. The district court concluded summary judgment was not appropriate because material facts were in dispute. Further, the district court concluded Smith was not entitled to summary judgment because "the lack of reasonableness of [Smith's] actions clearly will prevent the application of the doctrine of qualified immunity." The district court denied summary judgment.

Smith appealed. We ordered Smith to show cause why his appeal should not be dismissed for lack of jurisdiction and ordered the parties to address the jurisdiction issue in their briefs.

## II

In *Mitchell v. Forsyth,* 472 U.S. 511, 525–27, 105 S.Ct. 2806, 2814–16, 86 L.Ed.2d 411 (1985), the Supreme Court held that a district court's denial of qualified immunity is an appealable final decision suitable for interlocutory review. Because qualified immunity is immunity from suit, as opposed to a "mere defense to liability," the justifications for qualified immunity are undermined if an appeal of its denial waited until after a case had erroneously proceeded to trial. *Id.* at 526, 105 S.Ct. at 2815. Thus,

[a]n appellate court reviewing the defendant's claim of immunity need not consider the correctness of the plaintiff's version of the facts, nor even determine whether the plaintiff's allegations actually state a claim. All it need determine is a question of law: whether the legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions or ... whether the law clearly proscribed the actions the defendant claims he took.

*Id.* at 528, 105 S.Ct. at 2816.

In *Johnson v. Jones,* 515 U.S. 304, 312–14, 115 S.Ct. 2151, 2156, 132 L.Ed.2d 238 (1995), the Supreme Court proscribed immediate appellate review of district court determinations of whether the summary judgment record raises a genuine issue of material fact. The Court teaches, however, that its holding did not limit review of denials of qualified immunity under *Mitchell,* only appeals concerning "evidence sufficiency, i.e. what facts a party may, or may not, be able to prove at trial." *Id.*

We have followed *Mitchell* and *Johnson* and permitted interlocutory appeals of qualified immunity denials. *See e.g., Osolinski v. Kane,* 92 F.3d 934, 936 (9th Cir.1996); *Armendariz v. Penman,* 75 F.3d 1311, 1317 (9th Cir.1996) (en banc). Because material facts are in dispute, this appeal presents a slightly different situation. We have previously exercised jurisdiction over an interlocutory appeal that presented the question whether, assuming the disputed facts in favor of the nonmoving party, the moving party was entitled to qualified immunity. *See Chateaubriand v. Gaspard,* 97 F.3d 1218, 1223–24 (9th Cir.1996); *but see Pellegrino v. United States,* 73 F.3d 934, 936–37 (9th Cir.1996).

We conclude that nothing in *Mitchell, Johnson* or *Behrens v. Pelletier,* —— U.S. ——, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996), precludes us from determining whether Smith, assuming that he ordered the tank car

---

**3.** For purposes of Fourth Amendment analysis, Smith concedes that, if he ordered the tank car held, he seized the tank car.

held, is entitled to qualified immunity. Qualified immunity is immunity from suit, not a defense. As such, the justifications for the doctrine of qualified immunity demand that we exercise jurisdiction over Smith's appeal. *See Chateaubriand v. Gaspard,* 97 F.3d at 1223–24; *Pellegrino,* 73 F.3d at 937–38 (Wallace, C.J., concurring in part, dissenting in part).

### III

■ We assume the disputed facts in favor of V–1 and decide whether Smith is entitled to qualified immunity for his actions. We hold that he is.

■ We review the district court's denial of qualified immunity in a *Bivens* action de novo. *Elder v. Holloway,* 510 U.S. 510, 516, 114 S.Ct. 1019, 1023, 127 L.Ed.2d 344 (1994); *Newell v. Sauser,* 79 F.3d 115, 116 (9th Cir. 1996). We apply a three-part test to determine whether an individual is entitled to qualified immunity. *Kelley v. Borg,* 60 F.3d 664, 666 (9th Cir.1995). First, we identify the specific right allegedly violated. *Id.* Second, we determine "whether that right was so clearly established as to alert a reasonable officer to its constitutional parameters." *Id.* (internal quotations omitted). Third, if the law is clearly established, we determine "whether a reasonable officer could have believed lawful the particular conduct at issue." *Id.*

■ Identifying the right at issue, we are mindful that "[b]road rights must be particularized before they are subjected to the clearly established test." *Id.* at 667. The appropriate inquiry in this case is whether a reasonable inspector would have been aware of the Fourth Amendment's prohibition against unreasonable seizures in the closely regulated industry context.[4]

The Fourth Amendment's prohibition against unreasonable seizures is not clearly established in the closely regulated industry context. The Supreme Court has previously validated warrantless searches and seizures in the closely regulated industry context.

See e.g., *Colonnade Catering Corp. v. United States,* 397 U.S. 72, 77, 90 S.Ct. 774, 777, 25 L.Ed.2d 60 (1970); *United States v. Biswell,* 406 U.S. 311, 316, 92 S.Ct. 1593, 1596, 32 L.Ed.2d 87 (1972). Further, our circuit precedent does not clearly establish that warrantless seizures in the closely regulated industry context violate the Fourth Amendment.

■ V–1 argues that Smith violated clearly established law because Smith either lacked regulatory authority to seize the tank car or failed to follow proper procedures for seizing a tank car that is in transit. An officer does not necessarily forfeit his immunity, however, even if he violates a statute or a regulation. *See Davis v. Scherer,* 468 U.S. 183, 194 n. 12, 104 S.Ct. 3012, 3019 n. 12, 82 L.Ed.2d 139 (1984). In addition, a violation of a statute or a regulation is not a per se constitutional violation. *See e.g., Carlo v. City of Chino,* 105 F.3d 493, 501 (9th Cir. 1997).

Although Smith arguably exceeded his authority if he seized the tank car in the manner alleged by V–1, DOT hazardous materials regulations prohibit V–1 from offering its tank car for transport and prohibit the carrier from transporting an improperly marked car. This is so because the purpose of the comprehensive regulatory scheme of which these regulations are a part is "to provide adequate protection against the risks to life and property inherent in the transportation of hazardous material in commerce." 49 U.S.C. § 5101.

Through the application of the qualified immunity doctrine, public servants avoid "the general costs of subjecting officials to the risks of trial-distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." *Harlow v. Fitzgerald,* 457 U.S. 800, 816, 102 S.Ct. 2727, 2737, 73 L.Ed.2d 396 (1982). The law was not clearly established when Smith acted. Qualified immunity insulates Smith from civil liability for his actions.

---

4. We have previously held that V–1 is in a closely regulated industry. *United States v. V–1 Oil Co.,* 63 F.3d 909, 911 (9th Cir.1995), *cert. denied,* ——

U.S. ——, 116 S.Ct. 1824, 134 L.Ed.2d 929 (1996).

## IV

We reverse the district court's denial of summary judgment. We remand this case with instructions for the district court to enter summary judgment for Smith on V–1's Fourth Amendment claim.

REVERSED AND REMANDED.