129 F.3d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert G. HOGUE, Plaintiff-Appellant,
v.
Jared s. LAUDERDALE; William Horton, Defendants-Appellees.
 No. 97-15141.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 4, 1997.**
Filed Nov. 6, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, D.C. No. CV-96-00245-WBS/JFM; William B. Shubb, District Judge, Presiding.
 Before HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert G. Hogue appeals pro se the district court's summary judgment in favor of City of Redding Fire Inspector Jared S. Lauderdale and City of Redding Police Officer Robert Horton, in Hogue's 42 U.S.C. § 1983 action demanding damages because of a fire inspection of a dental practice in Redding. We affirm.
 
 
 3
 A grant of summary judgment is reviewed de novo. See Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). The court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. See id. We may affirm a grant of summary judgment on any ground which appears in the record. See United States v. $191,910.00 in U.S. Currency, 16 F.3d 1051, 1058 n. 15 (9th Cir.1994).
 
 
 4
 To determine whether qualified immunity is appropriate, a court must identify the specific right allegedly violated and determine (1) whether that right was so clearly established as to alert a reasonable officer to its constitutional parameters and, if so, (2) whether a reasonable officer could have believed lawful the conduct at issue. See V-1 Oil Co. v. Smith, 114 F.3d 854, 857 (9th Cir.1997). "This test allows ample room for reasonable error on the part of the police officer; it protects 'all but the plainly incompetent or those who knowingly violate the law.' " Knox v. Southwest Airlines, 1997 WL 542965, at * 4 (9th Cir. Sept. 5, 1997) (quoting Hunter v. Bryant, 502 U.S. 224, 229 (1991)).
 
 
 5
 We agree with the district court that the undisputed facts of this case show that Lauderdale and Hogue are entitled to qualified immunity. After Dr. Penners refused to allow a fire and life safety inspection of the Denture Center authorized by Redding Municipal Code § 9.20.010, Lauderdale sought application for and received an inspection warrant pursuant to Cal.Code Civ. Proc. § 1822.50 et seq. Lauderdale served the requisite twenty-four hour notice upon the Denture Center, but Dr. Penners again refused to allow the scheduled inspection.
 
 
 6
 Lauderdale then obtained a second inspection warrant pursuant to § 1822.50 that allowed for forcible entry to conduct the inspection. This forcible entry warrant issued only after a particularized showing that reasonable attempts to execute the previous warrant had been unsuccessful. Less than a week after this warrant issued, Lauderdale again gave the requisite notice of inspection and was again refused entry. Horton secured entry into the Denture Center by picking the lock on the door and, along with Lauderdale, proceeded to conduct the inspection.
 
 
 7
 Based on these facts, Lauderdale and Horton could reasonably have believed their conduct was lawful. Lauderdale initiated his inspection efforts under the authority of the Reading Municipal Code. Both warrants were properly obtained under the California statutory scheme for the issuance of inspection warrants, the requisite twenty-four hour notice was provided for both attempted inspections, and the warrants were properly executed. Construing these facts and all reasonable inferences therefrom in favor of Hogue, we hold that the district court properly entered summary judgment for defendants.[1]
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court alternatively based summary judgment on Hogue's failure to establish standing. "Fourth Amendment rights may not be vicariously asserted," Martinez v. Nygaard, 831 F.2d 822, 825 (9th Cir.1987), and Hogue bore the burden of proving a legitimate expectation of privacy in the place searched. See United States v. Pollock, 726 F.2d 1456, 1465 (9th Cir.1984)
 Because Hogue submitted an affidavit asserting complete ownership and control of the Denture Center as trustee of the Denture Center Trust, it is not clear that summary judgment was proper on this basis. See Alaska Wildlife Alliance v. Jensen, 108 F.3d 1065, 1068-69 (9th Cir.1997); Bras v. California Pub. Utilities Comm'n, 59 F.3d 869, 874 (9th Cir.1995), cert. denied, 116 S.Ct. 800 (1996). However, because summary judgment was proper on qualified immunity grounds, we need not reach this issue.