143 F.3d 1246
 98 Cal. Daily Op. Serv. 3595, 98 Daily Journal
D.A.R. 4957
Larry Darnell THOMAS, Plaintiff-Appellee,
v.
J. GOMEZ, Director of Corrections, Defendant,
R. Powell, individually and as Correctional Officer,
Calipatria State Prison; B. Langley, individually and as
Correctional Officer, Calipatria State Prison; J. Sims,
individually and as Correctional Officer; D. Romero,
individually and as Corrections Officer, Calipatria State
Prison, Defendants-Appellants.
 No. 97-55702.
 United States Court of Appeals,
Ninth Circuit.
 Submitted* Feb. 4, 1998.
Decided May 12, 1998.
 
 Rita Lane Medellin, Deputy Attorney General, San Diego, California, attorney for the defendants-appellants.
 Larry Darnell Thomas, Crescent City, California, pro se for the plaintiff-appellee.
 Appeal from the United States District Court for the Southern District of California Judith N. Keep, Chief District Judge, Presiding. D.C. No. CV-95-2732-JNK.
 Before: PREGERSON, HALL, and NOONAN, Circuit Judges.
 OPINION
 PREGERSON, Circuit Judge:
 
 
 1
 * Larry D. Thomas, a state prisoner, brought suit under 42 U.S.C. § 1983 for violation of his civil rights. In his suit, Thomas alleges that correctional officers R. Powell, B. Langley, J. Sims, and D. Romero (hereinafter "the officers") violated his constitutional right to be free from cruel and unusual punishment under the Eighth Amendment by aiming a loaded rifle with live ammunition at him without provocation or necessity. The officers moved for summary judgment claiming qualified immunity. The district court denied the officers' motion on the ground that there were disputed issues of material fact as to whether their use of force violated the Eighth Amendment. The officers brought this interlocutory appeal.
 
 
 2
 We conclude that we lack jurisdiction over this interlocutory appeal because the district court properly denied summary judgment on the ground that there were disputed issues of material fact. Accordingly, we dismiss this appeal for lack of jurisdiction.
 
 II
 
 3
 Larry D. Thomas is a state prisoner serving a life sentence at Pelican Bay State Prison in Crescent City, California. In July 1994 Thomas, then a prisoner at Calipatria State Prison, entered a shower stall and found bugs inside. Thomas complained to the guards and refused to use the shower because he believed it to be unsanitary. Officer Romero told Thomas to sit in the day room adjoining the shower area. Officer Powell inspected the shower, thought it was usable, and told Thomas to either use the shower or return to his cell. Thomas informed Powell that he would rather wait for the next available shower stall. Powell allegedly became hostile towards Thomas, who asked to speak to a supervisor. Powell then allegedly became visibly upset and shaken. Thomas asserts that he was seated at all times during this exchange. Powell then suddenly and without provocation ordered Officer Langley, who was a gunner positioned up above on the second floor, to "lay the dayroom down."[1] Thomas alleges that Langley, on Powell's orders, chambered a live round and aimed his rifle directly at Thomas. The officers deny these allegations. They maintain that although the rifle was loaded, it was not directed at Thomas but at the general vicinity of the dayroom. After Powell ordered the dayroom down, Thomas was handcuffed and escorted back to his cell.
 
 
 4
 On October 13, 1995, Thomas filed a civil rights suit. His complaint alleged that the officers violated his Eighth Amendment right to be free from cruel and unusual punishment when they aimed a loaded rifle at him without provocation or necessity. Subsequently, Thomas amended his complaint by adding California tort law claims. The officers moved for summary judgment on the grounds that the state law claims were not properly before the court and that they were entitled to qualified immunity as to Thomas' Eighth Amendment claim. Thomas mailed his opposition to the motion for summary judgment eight days after the date provided for by the local rules.[2]
 
 
 5
 Instead of considering Thomas' late opposition, the district court accepted Thomas' signed second amended complaint as though it were verified. The court concluded that the statements in the second amended complaint were sufficient to raise material disputed issues of fact on whether the officers' conduct violated the Eighth Amendment.
 
 
 6
 The officers then filed a motion for reconsideration under Rule 59 of the Federal Rules of Civil Procedure on the ground that Thomas' second amended complaint was not verified and therefore could not be used as an affidavit to oppose their motion for summary judgment. In denying the officers' motion for reconsideration, the district court concluded that even if it had erred in considering Thomas' second amended complaint the "error was harmless" because:
 
 
 7
 Thomas filed a late opposition to the summary judgment motion which supports the allegations in his second amended complaint. The affidavits filed with the opposition support the allegations in his complaint.... Thomas's opposition and the affidavits supporting it indicate that summary judgment is not appropriate because Mr. Thomas has presented evidence indicating (1) that there was no need to apply force; (2) that the amount of force used was disproportionate to the need to do so; (3) that the officials had no reasonable basis for believing he posed a threat; and (4) that no efforts were made to temper the severity of the forceful response. Mr. Thomas thus presented a triable issue of fact regarding whether defendants committed an Eighth Amendment violation, under Hudson v. McMillian, 503 U.S. 1, 6-8, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992).
 
 
 8
 The officers appeal the district court's denial of their summary judgment motion based on qualified immunity.
 
 III
 
 9
 We have jurisdiction to consider an interlocutory appeal where a district court denies a motion for summary judgment based on qualified immunity when the question on appeal involves a matter of law. See Mitchell v. Forsyth, 472 U.S. 511, 528, 105 S.Ct. 2806, 2816-17, 86 L.Ed.2d 411 (1985); Behrens v. Pelletier, 516 U.S. 299, 313, 116 S.Ct. 834, 842, 133 L.Ed.2d 773 (1996) (stating that "summary-judgment determinations are appealable [only] when they resolve a dispute concerning an 'abstract issue of law' relating to qualified immunity") (citations omitted). Thus, we have exercised jurisdiction over an interlocutory appeal from a denial of qualified immunity where the appeal presented the question whether, "assuming [that] the disputed facts [are] in favor of the nonmoving party, the moving party was [nonetheless] entitled to qualified immunity." V-1 Oil Co. v. Smith, 114 F.3d 854, 856 (9th Cir.1997) (finding that appellant Federal Railroad Administration inspector was entitled to qualified immunity in a Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 399 U.S. 905, 90 S.Ct. 2203, 26 L.Ed.2d 559 (1970), Fourth and Fifth Amendment action because the law was not clearly established on whether he had the regulatory authority to seize the appellee's railroad tank car).
 
 
 10
 On the other hand, we lack jurisdiction to hear an interlocutory appeal where the district court denies summary judgment based on qualified immunity because material facts remain in dispute. See Johnson v. Jones, 515 U.S. 304, 307, 115 S.Ct. 2151, 2153-54, 132 L.Ed.2d 238 (1995) (holding that where the district court's order denying qualified immunity established a fact-related dispute about the pretrial record, defendants may not immediately appeal this fact-related determination). But a denial of summary judgment on qualified immunity grounds is not always unappealable simply because the district court concludes that the issues of fact in dispute are material. See Collins v. Jordan, 110 F.3d 1363, 1370 (9th Cir.1996). Under Johnson and Behrens, an appellate court has jurisdiction to hear an interlocutory appeal where defendants assert that the district court erred in determining that the disputed facts were material. Id. No such assertion is made here.
 
 
 11
 On appeal the officers' sole argument is that the record does not support the district court's determination that a factual dispute exits. The officers contend that they are entitled to qualified immunity because they presented uncontroverted evidence in their motion for summary judgment that "they did not have the intent to inflict pain on Plaintiff unnecessarily or for a malicious purpose." The resolution of this contention turns exclusively on factual issues. Their materiality is not at issue.
 
 
 12
 The officers do not dispute that the events surrounding the shower incident are material to determining "whether force was applied in a good-faith effort to maintain discipline or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). Also, the officers do not assert that what allegedly occurred during the shower incident is not material to determining whether they are entitled to qualified immunity. Nor do they contend that if Thomas' version of the facts is true they would be entitled to qualified immunity as a matter of law. Cf. V-1 Oil Co., 114 F.3d at 856 (finding petitioner entitled to qualified immunity even assuming the disputed facts in plaintiff's favor).
 
 
 13
 Here, the sole issue presented in this interlocutory appeal is whether the factual record before the district court was sufficient to deny the officers' summary judgment motion based on the claim of qualified immunity. The trial court determined, and we agree, that the resolution of this issue involves disputed issues of material fact that need to be resolved by a jury. Accordingly, we dismiss this appeal for lack of jurisdiction and remand to the district court for further proceedings.
 
 
 14
 DISMISSED AND REMANDED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 [1]
 The phrase "lay the dayroom down" is commonly used within the prison to mean that the prisoners must lie down or be shot
 
 
 [2]
 Local Rule 7.1(e)(2) requires a party opposing a motion, to file the opposition fourteen calendar days prior to the noticed hearing. See Civ.L.R. 7.1(e)(2) (S.D.Cal.1997)