# FILED

NOT FOR PUBLICATION

JUL 26 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| DALE EVANS; MELVIN HILLIARD, Sr., | ) ) ) ) | No. 09-55421 |
| | | D.C. No. 2:07-cv-07046-JWJ |
| Plaintiffs – Appellees, | ) ) | **MEMORANDUM**[*] |
| v. | ) ) | |
| CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT, | ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| WILLIAM BRATTON, an individual and in his official capacity as Chief; DARIO MACHADO, an individual and Officer in his official capacity, | ) ) ) ) ) ) ) | |
| Defendants – Appellants. | ) ) ) | |

Appeal from the United States District Court
for the Central District of California
Jeffrey W. Johnson, Magistrate Judge, Presiding

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. Rule 36-3.

Submitted July 11, 2011[]
Pasadena, California

Before:    FERNANDEZ, RYMER, and TALLMAN, Circuit Judges.

Dario Machado, an officer with the Los Angeles Police Department, interlocutorily appeals the district court's denial of his motion for summary judgment on the claims of Dale Evans and Melvin Hilliard, Sr., (Parents) that he used excessive force when he shot their son, Melvin Hilliard (Hilliard), and when he did not seek medical care for Hilliard in a timely fashion. We reverse and remand with instructions.

(1)    Machado first asserts that the district court erred when it denied him qualified immunity on the excessive force claim. We agree. While our interlocutory jurisdiction extends only to legal issues,[1] when the district court identifies a dispute of fact, our jurisdiction includes determining whether that dispute is material.[2] Here, the disputes over whether Hilliard actually pointed a shotgun at Machado and whether Hilliard actually posed a deadly threat, are not

---

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[1]See Johnson v. Jones, 515 U.S. 304, 311, 115 S. Ct. 2151, 2155, 132 L. Ed. 2d 238 (1995); Wilkinson v. Torres, 610 F.3d 546, 550 (9th Cir. 2010).

[2]See Behrens v. Pelletier, 516 U.S. 299, 312–13, 116 S. Ct. 834, 842, 133 L. Ed. 2d 773 (1996); Cunningham v. Gates, 229 F.3d 1271, 1286 (9th Cir. 2000).

material to the qualified immunity issue; that is, whether objectively speaking a reasonable officer could have believed that Hilliard did pose a deadly threat to the officer or to other individuals. See Graham v. Connor, 490 U.S. 386, 396–97, 109 S. Ct. 1865, 1872, 104 L. Ed. 2d 443 (1989); Anderson v. Creighton, 483 U.S. 635, 638–39, 107 S. Ct. 3034, 3038, 97 L. Ed. 2d 523 (1987). Here, taken most favorably to Parents, the facts show that the officers had heard Hilliard firing a shotgun at a car, and when they came upon him he was standing in the middle of the street. Machado ordered him to drop the shotgun. Hilliard did not comply; instead, he ran toward a house and Machado shot him as he tried to enter that house. Even if we determined that Machado had stepped over the "'hazy border between excessive and acceptable force,'"[3] we would be constrained to hold that he did not run afoul of clearly established law.[4] Therefore, the district court should have granted Machado qualified immunity on the excessive force claim.

---

[3]See Saucier v. Katz, 533 U.S. 194, 206, 121 S. Ct. 2151, 2158, 150 L. Ed. 2d 272 (2001), overruled on other grounds by Pearson v. Callahan, 555 U.S. 223, __, 129 S. Ct. 808, 818, 172 L. Ed. 2d 565 (2009).

[4]See Brosseau v. Haugen, 543 U.S. 194, 198, 125 S. Ct. 596, 599, 160 L. Ed. 2d 583 (2004) (per curiam); Blanford, 406 F.3d at 1119; Jackson v. City of Bremerton, 268 F.3d 646, 653 n.5 (9th Cir. 2001); see also Forrett v. Richardson, 112 F.3d 416, 420 (9th Cir. 1997), overruled on other grounds, Chroma Lighting v. GTE Prods. Corp., 127 F.3d 1136 (9th Cir. 1997); Blanford v. Sacramento Cnty., 406 F.3d 1110, 1115–16 (9th Cir. 2005).

(2)    Machado also appeals the district court's denial of qualified immunity on the deliberate indifference claim.  Machado's argument is not that in theory timing and delay are immaterial to a constitutional decision, but rather that the district court did not properly consider the evidence in the record.  Generally, we do not have jurisdiction to consider evidentiary disputes when reviewing a qualified immunity decision.  See Cunningham, 229 F.3d at 1286; Thomas v. Gomez, 143 F.3d 1246, 1249 (9th Cir. 1998); Knox v. Southwest Airlines, 124 F.3d 1103, 1107 (9th Cir. 1997).  However, we can, and must, ask: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"  Scott v. Harris, 550 U.S. 372, 377, 127 S. Ct. 1769, 1774, 167 L. Ed. 2d 686 (2007) (citation and quotation marks omitted); see also Wilkinson, 610 F.3d at 550; Bingue v. Prunchak, 512 F.3d 1169, 1173 (9th Cir. 2008).  Here, taken in a light most favorable to the assertedly injured parties, the evidence shows that Hilliard died within seconds of having been shot, and no reasonable trier of fact could conclude otherwise.  See Scott, 550 U.S. at 380, 127 S. Ct. at 1776.  Any delay by Machado was immaterial.  Therefore, the district court should have granted Machado qualified immunity on the deliberate indifference claim.

REVERSED and REMANDED, with instructions to grant Machado's motion for summary judgment based on qualified immunity.