129 F.3d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward Stephen GONZALES, Petitioner-Appellant,
v.
James GOMEZ, Director; Attorney General of the State of
California, RespondentsAppellees.
 No. 95-55080.
 United States Court of Appeals, Ninth Circuit.
 Oct. 23, 1997.
 
 Appeal from the United States District Court for the District of Central California William D. Keller, Distirct Judge, Presiding
 Before FARRIS, FERGUSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANM*
 
 
 2
 Edward Gonzales petitions this Court for habeas corpus relief from his sentence. On September 29, 1987, Gonzales pled no contest to a charge of second-degree murder. Gonzales argues that habeas relief is appropriate because: (1) his guilty plea was involuntary; and (2) he received ineffective assistance of counsel. We remand for an evidentiary hearing on the issue of whether Gonzales' plea was involuntary. We affirm the district court's decision that Gonzales failed to establish ineffective assistance of counsel.
 
 
 3
 We review a denial of petition for writ of habeas corpus de novo. Turner v. Marshall, 63 F.3d 807, 811 (9th Cir.1995). The voluntariness of a guilty plea is a question of law reviewed de novo. United States v. Ulysses-Salazar, 28 F.3d 932, 939 (9th Cir.1994), cert. denied, 514 U.S. 1020, 115 S.Ct. 1367 (1995). Ineffective assistance of counsel is also reviewed de novo. United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991).
 
 
 4
 Gonzales contends that his guilty plea was involuntary because it was coerced by threats. Voluntariness of a plea is measured against the totality of the circumstances. Brady v. United States, 397 U.S. 742, 749 (1969). On the day of the plea hearing, several special security measures were taken in court in response to threats against Gonzales. The victim's brother was arrested for carrying a large hunting knife into the courtroom. The allegations in the petition, if proven, could call for habeas relief. There is little doubt that a serious problem existed in and around the courtroom that might have caused this defendant to sense real danger to his well being. An evidentiary hearing must be held so the district court may consider the possible merit of information pertaining to the coercion of Gonzales' plea. We reverse and remand on this issue.
 
 
 5
 Gonzales' attorney did not bring an appeal to Gonzales' conviction. Given that Gonzales waived his right to appeal his conviction, this does not constitute ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984). The district court was correct when it determined that Gonzales failed to establish that his attorney was constitutionally ineffective. We REVERSE and REMAND on the issue of voluntary confession. We AFFIRM on the issue of ineffective assistance of counsel.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir. R. 36-3