**Edward Stephen GONZALES, Petitioner–Appellant,**

v.

**James GOMEZ, Director CDC; Attorney General State of California, Respondents–Appellees.**

No. 00–56182.

DC No. CV 93–4494 WDK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2001.

Decided June 15, 2001.

648

Before TROTT, TASHIMA, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Pursuant to a plea agreement, Edward Gonzales pled nolo contendere to second-degree murder for the killing of Ruben Oliva. Gonzales now asserts that his plea was involuntary and was made in order to escape from acts of violence threatened by the victim's family. On appeal from the initial dismissal of his petition filed under 28 U.S.C. § 2254, we affirmed the dismissal of his ineffective assistance of counsel claim, but remanded his plea coercion claim for an evidentiary hearing. We noted that "[t]he allegations in the petition, if proven, could call for habeas relief. There is little doubt that a serious problem existed in and around the courtroom that might have caused this defendant to sense real danger to his well being." *Gonzales v. Gomez*, 129 F.3d 125 (table), 1997 WL 683313, at *1 (9th Cir.1997).

After holding an evidentiary hearing on remand, the district court found that Gonzales had been threatened. It also found, however, that those threats did not intimidate Gonzales and, thus, did not render his plea involuntary. Gonzales now timely appeals. Because the district court's finding is not clearly erroneous, we affirm the denial of the petition for a writ of habeas corpus.

A guilty plea must be the voluntary expression of the defendant's own choice. *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). "A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void. A conviction based upon such a plea is open to collateral attack." *Machibroda v. United States*, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). To determine voluntariness, we examine the totality of the circumstances, *Brady*, 397 U.S. at 749, 90 S.Ct. 1463, which includes "the subjective state of mind of the defendant . . . ." *Iaea v. Sunn*, 800 F.2d 861, 866 (9th Cir.1986). Where, as in this case, the court has remanded the case to a district court for an evidentiary hearing, the district court's factual findings are reviewed for clear error. *Seidel v. Merkle*, 146 F.3d 750, 753 (9th Cir.1998).

Petitioner's plea agreement reduced his minimum term of imprisonment by ten years. He testified during the plea colloquy that he had not been threatened or coerced into making a guilty plea. When, "during the plea colloquy, [a defendant] specifically denied that any threats and coercions had been used against him[,][c]ourts generally consider such responses to be strong indicators of the voluntariness of the defendant's guilty plea." *Sanchez v. United States*, 50 F.3d 1448, 1455 (9th Cir.1995). In addition, he failed, on direct appeal in state court, to raise his allegation that his plea was coerced.

The district court heard and saw Gonzales testify. In the context of all of the evidence adduced at the evidentiary hearing,[1] it found that, although threats had

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as may be provided by Ninth Cir. R. 36–3.

1. The parties are familiar with the facts and we do not repeat them here.

been made, Gonzales was not intimidated or coerced by those threats. The effect of the threats on Gonzales—Gonzales' state of mind at the time he entered his nolo contendere plea—is a question of fact. Under the clear-error standard, if a permissible view of the evidence and the inferences therefrom support the district court's finding, we must affirm, whether we would have weighed the evidence differently had we been sitting as the trier of fact. *Anderson v. City of Bessemer City,* 470 U.S. 564, 573–574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). Because the district court's finding that Gonzales' plea was voluntary is not clearly erroneous, the judgment is

AFFIRMED.